# Hatfield *v.* Clovis, Appellant.

*Contract—Mines and mining—Coal option—Time.*

Where a coal option provides that "the party of the second part shall have until the tenth day of July, 1905, to accept the coal herein described," and that on failure to give notice of acceptance "by the said date" the contract shall be void, the party of the second part has until the tenth day of July in which to accept the option.

Argued Oct 21, 1907. Appeal, No. 154, Oct. T., 1907, by defendant, from decree of C. P. Greene Co., No. 105, in equity, on bill in equity in case of William K. Hatfield v. L. B. Clovis. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance. Before TAYLOR, J., specially presiding.

From the record it appeared that on May 19, 1905, L. B. Clovis executed an option in writing to H. J. Price for certain coal lands.

The option contained the following provision:

"For and in consideration of the sum of $1.00, the receipt whereof is hereby acknowledged, the party of the first part agree that the party of the second part shall have until July 10, 1905, to accept the coal herein described, as the same may be determined by the engineers of the party of the first part (the party of the first part to furnish a complete abstract of

title). And if the party of the second part does not give notice of such acceptance by the said date, this contract shall be void and of no further effect."

The option subsequently came into the ownership of William K. Hatfield, the plaintiff, by mesne assignments from Price.

The court found, inter alia, the following facts:

4. That on July 8, 1905, J. A. Phillips for H. J. Price and Smith Hood, Jr., gave notice to said L. B. Clovis of their acceptance and election to purchase said coal and mining rights on the terms set forth in said contract, and tendered the $100 to pay the expenses of surveying, making abstract, etc., as stipulated in said contract, which was refused by the said L. B. Clovis; and that again on July 10, 1905, H. J. Price and Joseph Phillips gave notice thereof, to the said L. B. Clovis, of the acceptance of said contract and at the same time tendered him the sum of $100, to pay the expenses of surveying, making abstract, etc., which said money so tendered the said L. B. Clovis refused to accept.

The court entered a decree of specific performance.

*Error assigned* was the decree of the court.

*J. W. Ray*, with him *D. S. Walton* and *J. B. Donley & Son*, for appellant.—The word " until " may have either an exclusive or an inclusive meaning, according to the subject to which it is applied, the nature of the transaction which it specifies, and the connection in which it is used. Considering the word as it appears in the contract in suit, in relation to the subject-matter of the contract, the nature of the transaction and the connection in which it is used, the defendant contends that its meaning is exclusive. Especially does he so contend when it is considered in connection with the word " by " as it stands in the second clause above quoted, from the contract in suit. Primarily the word " until " is one of exclusion: Rex v. Stevens, 5 East, 243 ; Webster v. French, 12 Ill. 302 ; Corbin v. Ketcham, 87 Ind. 138 ; Bemis v. Leonard, 118 Mass. 502 ; People v. Walker, 17 N. Y. 502 ; People v. Crissey, 91 N. Y. 616 ; State v. Perkins, 139 Mo. 106 (40 S. W. Repr. 650) ; Eshelman v. Snyder, 82 Ind. 498.

When a contract calls for performance " by " a certain date the contract must be performed before that date : Rankin v. Woodworth, 3 P. & W. 48.

*James J. Purman*, for appellee.—The word " until " included July 10 : Thomson v. Life Ins. Co., 4 Pa. Dist. Rep. 382 ; Kendall v. Kingsley, 120 Mass. 94 ; Bunce v. Reed, 16 Barb. (N. Y.) 347 ; Dakins v. Wagner, 3 Dowling's Prac. Rep. 535 ; Weld v. Barker, 153 Pa. 465 ; Browne v. Browne, 3 S. & R. 496.

PER CURIAM, November 4, 1907:

The learned judge below found as a fact that the option was accepted on July 8, by the proper parties, and that the renewed acceptance and tender of money on July 10 were for greater caution only.

Either notice of acceptance was sufficient. It was not required to be in writing and the manifest meaning and understanding of the parties in the words " the party of the second part shall have until the 10th day of July to accept " were that they should have that day. The findings of the judge were upon sufficient evidence and his conclusions therefrom were correct.

Decree affirmed.